IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA CARTER, *et al.,* | : | |
| | : | |
|     **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | CIVIL ACTION NO. 16-00508-CG-B |
| | : | |
| L'OREAL USA, INC., *et al.,* | : | |
| | : | |
|     **Defendants.** | : | |

<u>REPORT AND RECOMMENDATION</u>

This case is before the Court on Defendants L'Oreal USA, Inc. and Soft Sheen-Carson LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint. (Doc. 30).  The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S).  Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendants' Motion to Dismiss be **denied.**

I.  <u>Background Facts</u>

Plaintiff Angela Carter commenced this action on September 30, 2016 on behalf of  herself and similarly situated individuals against Defendants L'Oreal USA, Inc. and Soft Sheen-Carson, LLC. (Doc. 1). Plaintiff filed an Amended Complaint on December 5, 2016, and a Second Amended Complaint on January 9,

2017. (Docs. 21, 29).[1] In her second amended complaint, Plaintiff asserts that she purchased Soft Sheen-Carson Optimum Salon Haircare brand Amla Legend Rejuvenating Ritual Relaxer kit ("Relaxer Kit") from Defendant Soft-Sheen's website in May 2014. (Doc. 29 at 29). According to Plaintiff, she believed the Relaxer Kit was gentle and safe because Defendants marketed the product as a "secret ritual for hair rejuvenation", represented that it was "no-mix, no-lye", and represented that "Amla oil's intense moisture will rejuvenate every strand, leaving you with thicker-looking, healthier hair", "with "unique properties [that] prevent breakage, restore shine, manageability and smoothness."" (Id. at 2). Plaintiff asserts that:

> One of the reasons consumers seek out a no-lye relaxer is because they are looking for a product that is milder on the scalp and gentler on hair. By representing on the front of the Product packaging, in capitalized and bold letters, that Amla Relaxer has "NO-LYE", along with representations regarding rejuvenating, nourishing, conditioning qualities of the Product, Defendants led and continue to lead reasonable consumers, including the Plaintiff and putative Class Members, to believe that the Product not only did not and does not contain Lye, but was and is a gentler alternative to relaxers containing lye, when it does in fact contain Lye."

---

[1] On March 14, 2017, Civil Action 2:17-92 was consolidated with this case for purposes of discovery and trial, and Plaintiff Dora Blackmon was added as a plaintiff. (Doc. 38). On July 5, 2017, Civil Action 17-270 was consolidated with this case for purposes of discovery and trial, and Plaintiff Ella B. Valerie was added as a plaintiff. (Doc. 48).

(Id. at 14).

Plaintiff contends that the Relaxer Kit contains an inherent design and/or manufacturing defect that causes significant hair loss and skin and scalp irritation, including burns and blistering. Plaintiff avers that due to Defendants' misrepresentations and omissions, in May 2014, she purchased the product, used it as directed, and experienced scalp burning and irritation that left her with scabs, sores, and bald patches on her head. (Id. at 29-30). She further contends that she did not make the causal connection between the application of the hair relaxer kit and her injuries due to Defendants' false, deceptive and misleading representations. (Id. at 30). According to Plaintiff, in or around October 2014, she purchased the product a second time, and again, she experienced similar burning and irritation, and was left with scabs, sores and bald patches on her head. (Id.). Plaintiff claims that she has a high school diploma, and is not an expert in hair products or chemicals, and that she did not discover, realize, conclude and/or make the causal connection that her injuries arose from the relaxer kit, its ingredients, defective nature, inadequate warnings and/or inadequate and confusing instructions until approximately August/September 2016 while reading on the internet. (Id. at 31). Plaintiff further contends that she would not have purchased the product had she known and understood that it

actually contained lye or other ingredients that had a propensity to cause injuries, including scalp burning, irritation and hair loss. (Id.)

Plaintiff asserts seven counts against Defendants, namely Unjust Enrichment (Count I); Violation of the Magnuson-Moss Warranty Act (Count II); Breach of Express Warranty (Count III); Breach of Implied Warranty (Count IV); Violation of the Alabama Deceptive Trade Practices Act (hereinafter "ADTPA") (Count V); Fraud (Count VI); and Negligent Design and Failure to Warn (Count VII). (Doc. 29). Plaintiff seeks an order declaring that Defendants' conduct violates statutes and/or laws referenced in the second amended complaint; an order finding in favor of Plaintiff, the Class and the Subclass on all counts asserted herein[2]; compensatory, statutory, and punitive damages in amounts to be determined by a jury and/or the Court; prejudgment interest on all amounts awarded; an order of restitution and all other forms of equitable monetary relief, including disgorgement

---

[2] As noted supra, Plaintiff seeks to bring this action on behalf of herself and other similarly situated individuals. Per the second amended complaint, Counts I, II, III, IV, VI, and VII are being brought on behalf of a Nationwide class, and Counts I and V are brought on behalf of a state subclass. (Doc. 29). Plaintiff seeks an order certifying the Class under Federal Rule of Civil Procedure 23; an order naming Plaintiff as representative of the Class and Subclass; and an order naming Plaintiff's counsel as Class Counsel to represent the Class and Subclass. (Id. at 51).

of all profits and ill-gotten monetary gains received by Defendants from sales of the product; an order enjoining the Defendants from continuing the unlawful practices detailed in the second amended complaint; and an order awarding the Plaintiff, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit. (Id. at 52-53).

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 30). In the motion, Defendants contend that the warnings on the product in question foreclose Plaintiff's "unreasonable interpretation of the collection of statements she challenges." (Id. at 2). Defendants further argue that several of Plaintiff's claims are time-barred or otherwise deficient as a matter of law. (Id.). In support of their motion, Defendants have submitted what purports to be the complete packaging for the subject Relaxer kit. (Doc. 30-1).

In her response in opposition (doc. 33) Plaintiff contends that consideration of the evidence (i.e. the purported packaging) presented by Defendants in support of their Motion to Dismiss would necessitate converting the motion into one for summary judgment. Plaintiff argues that she would be prejudiced by such a conversion unless she is allowed to conduct discovery prior to a ruling on the motion. Plaintiff further contends that she has plead 'plausible' claims sufficient to survive Defendants' Fed. R. Civ. P. 12(b)(6) motion, that the question

of a 'reasonable consumer's' interpretation of Defendants' marketing and packaging is a question for the jury; and that none of her claims are time-barred because Defendants' alleged fraudulent misrepresentations prevented her from discovering the causal connection between Defendants' actions and her injuries at an earlier date . (Doc. 33).

Defendants filed a reply (doc. 34) in which they reiterate their position that several of Plaintiff's claims are barred by the applicable statutes of limitations. Defendants also assert that their 12(b)(6) motion can be considered by the Court without converting the motion into a motion for summary judgment because Plaintiff repeatedly cites to the packaging on the Relaxer Kit in her complaint. Defendants further argue that the warnings contained on said packaging directly refute Plaintiff's claims and should be considered by the Court. Additionally, Defendants argue that Plaintiff is not entitled to recover for both contractual and equitable unjust enrichment and express warranty claims as a matter of Alabama state law. (Doc. 34).[3]

---

[3] Defendants also claim, for the first time in their reply brief, that the Alabama Deceptive Trade Practices Act expressly prohibits individuals from bringing class action claims for alleged statutory violations, and that Plaintiff failed to comply with the statutory procedural requirements before bringing her claim. (Doc. 35 at 10-11). Plaintiff filed a motion to strike these newly raised arguments or, in the alternative, requested the opportunity to file a sur-reply addressing these arguments. (Doc. 35). Courts generally refuse to consider (Continued)

This motion has been fully briefed and is now ready for resolution.

## III. **Analysis**

As noted, Defendants move to dismiss all claims in Plaintiff's second amended complaint and states that her fraud, negligence, and ADTPA claims are time barred (doc. 30 at 12), Plaintiff's Unjust Enrichment claim is precluded by the Express Warranty claim (id. at 15), and all other claims are insufficient, as the packaging of the product in question precludes the theory that serves as the basis for Plaintiff's second amended complaint. (Id. at 5-12).

### a. Standard of Review

A defendant may move to dismiss a complaint pursuant to

---

arguments raised for the first time in a reply  because they effectively deny the plaintiff the opportunity to be heard on those arguments. See Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) (quoting U.S. v. Coy, 19 F.3d 629, 632 n. 7 (11th Cir. 1994)("As we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'")); Kirksey v. Schindler Elevator Corp., , 2016 WL 3189343, n. 35, 2016 U.S. Dist. LEXIS 73666, *70 (S.D. Ala. June 7, 2016)(internal citations omitted); Gross-Jones v. Mercy Medical, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining the underlying rationale); White v. ThyssenKrupp Steel, USA, LLC, 743 F. Supp. 2d 1340, 1357 (S.D. Ala. 2010)("District courts, including this one, ordinarily do not consider arguments raised for the first time on reply."). Accordingly, the Court hereby **grants** Plaintiff's motion (doc. 35) seeking to strike arguments raised for the first time in Defendants' reply brief, and said arguments will not be considered.

Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." Id. at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be

dismissed." Id.

"[U]nsupported conclusions of law or of mixed fact and law" will not defeat a Rule 12(b)(6) motion for dismissal. Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) (quoting Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 664). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id. (quoting Iqbal, 556 U.S. at 682).

Typically, a court reviewing a motion to dismiss under rule 12(b)(6) is limited to the four corners of the complaint. See

_Bickley v. Caremark RX, Inc._, 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006).  If, however, the complaint refers to documents that are central to the case, those documents may be considered part of the pleadings. See _Jordan v. Miami-Dade County_, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006).  Similarly, courts may consider any document attached to a motion to dismiss without treating the motion as one for summary judgment so long as the plaintiff has referred to the document in its complaint, the document is "central" to the claims and the authenticity of the document is unchallenged. See _Bickley_, 461 F.3d at 1329 n. 7; _Day v. Taylor_, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing _Harris v. Ivax Corp._, 182 F.3d 799, 802 n. 2 (11th Cir. 1999)).

In analyzing Plaintiff's second amended complaint and Defendant's motion seeking dismissal, the Court declines to consider the packaging submitted by Defendant.  While the Relaxer Kit packaging is referenced in Plaintiff's complaint, it has not been authenticated, and Plaintiff's questions its authenticity. See Doc. 33 at 2-3 ("Plaintiff does not admit, accept, or adopt as fact that Exhibit 'A' is the same, identical packaging of the Product she purchased. . ."). And, the packaging is not accompanied by any sworn testimony verifying that it is in fact the same packaging that was included with the two Relaxer Kits purchased by Plaintiff.  In the absence of such, the Court will not consider said packaging in resolving

Defendants' 12(b)(6) motion for dismissal.

     **b.  The Relaxer Kit Packaging**

The Court now turns to Defendants' argument that the packaging of the Relaxer Kit at issue in this case precludes Plaintiff's theories of misrepresentation. Defendants claim "reasonable consumers" would not take the "implausible" interpretations made by Plaintiff, because the packaging accompanying the Relaxer Kit directly refutes the "fundamental basis" of Plaintiff's claims. (Id. at 5-7). Specifically, Defendants argue the packaging refutes Plaintiff's claim that the Defendants led people to believe that the product's "Amla extract ingredient eliminated or greatly reduced the product's supposedly concealed capacity to cause personal injuries." (Id.).

The Court finds that Defendants' arguments regarding the reasonableness of Plaintiffs' interpretations based on the Relaxer Kit packaging is not appropriate for dispensation at this juncture.  At this early stage of the case, Plaintiff is only required to plead "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 555.  Taking as true Plaintiff's assertions that based on Defendants' marketing and the false and misleading representations made on the Relaxer Kit itself, including that the Relaxer Kit did not contain lye or other ingredients that have a propensity to cause hair loss

11

and irritation, Plaintiff purchased the Relaxer Kit, used the Relaxer Kit, and was injured as a result, Plaintiff has plead plausible factual allegations against the Defendants that would give rise to relief. Given Plaintiff's allegations, and the fact that the actual packaging accompanying the Relaxer Kit is not properly before the Court, Defendants' argument is not well taken.

### c. Unjust Enrichment

Defendants also argue that Plaintiff's claim of unjust enrichment should be dismissed because it is an equitable remedy only available when there is no adequate remedy at law. (Doc. 30 at 15-16) See, e.g., Northern Assurance Company of America v. Bayside Marine Construction, Inc., 2009 U.S. Dist. LEXIS 4033, *12-14; 2009 WL 151023, *4 (S.D. Ala. Jan 21, 2009)(citing Mantiply v. Mantiply, 951 So. 2d 638, 654 (Ala. 2006); Teleprompter v. Mobile, Inc. v Bayou Cable TV, 428 So. 2d 17, 20 (Ala. 1983)). Defendants contend that Plaintiff's express warranty claim provides an 'adequate remedy at law'; thus, her unjust enrichment claim should be precluded. (Doc. 30 at 15). According to Defendants, the existence of an express contract extinguishes an unjust enrichment claim as an express contract has been deemed an adequate remedy at law. See Univalor Trust, SA v. Columbia Petroleum, LLC, 315 F.R.D. 374, 382 (S.D. Ala. June 21, 2016)(citations omitted). Plaintiff argues, however,

that because there was no written agreement between the parties nor arm's length negotiations, there is no claim for breach of an express contract in this action. (Doc. 33 at 25-26).

Courts have found claims of unjust enrichment inappropriate in cases of a classic breach of contract involving an express written contract between the parties. See, e.g., Pearson's Pharmacy, Inc. v. Express Scripts, Inc., 505 F. Supp. 2d 1272 (M.D. Ala. June 7, 2007); Northern Assurance Company, 2009 U.S. Dist. LEXIS 4033 at *12-14, 2009 WL 151023 at *4; Univalor Trust, SA , 315 F.R.D. at 382. However, as noted by Plaintiff, there was no express contract between the parties in this case. While Plaintiff claims breach of an express warranty (doc. 29 at ¶¶ 118-129), at no point does she allege that an express, written contract existed between the parties. (See Doc. 29; Doc. 33 at 25).

Moreover, "it is well-settled in this Circuit that breach of contract and unjust enrichment may be plead in the alternative." 1021018 Alberta Ltd. V. Netpaying, Inc., 2011 U.S. Dist. LEXIS 30725, *6; 2011 WL 1103635, *6 (M.D. Fla. Mar. 24, 2011)(quoting Donnelly v. Circuit City Stores, Inc., 2007 WL 896337, *3 (M.D. Fla. Mar. 22, 2007)). Under alternative pleading, a plaintiff's case can proceed under both theories in face of uncertainty as to the existence of a contract between the parties. Id. Thus, even if Plaintiff were claiming the

breach of an express written contract in this case, which she is not, she would be entitled to plead an unjust enrichment claim in the alternative.   See <u>1021018 Alberta Ltd.</u>, 2011 WL 1103635 at *6. 2011 U.S. Dist. LEXIS 30725 at *6. Accordingly, Defendants' argument is without merit.

### d. Statute of Limitations

Additionally, Defendants claim that Plaintiff's fraud, negligence, and ADTPA claims were brought outside the applicable statutes of limitations in a manner that is facially apparent from the complaint. (Doc. 30 at 12). "All civil actions must be commenced after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in the code." Ala. Code § 6-2-30(a). "A cause of action 'accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon." <u>Smith v. Medtronic, Inc.</u>, 607 So. 2d 156, 159 (Ala. 1992).

### i. Fraud

Under Alabama law, the statute of limitations applicable to a fraud claim is two years. Ala. Code 1975 § 6-2-38(l). <u>Foremost Insurance Co. v. Parham,</u> 693 So.2d 409, 417-21 (Ala. 1997)(fraud claims are subject to a two year statute of limitations.).   A fraud claim accrues, and the running of the statutory limitations period commences, when a plaintiff

discovers the fraud in the exercise of reasonable care. <u>Parsons</u>
<u>Steel, Inc. v. Beasley,</u> 522 So.2d 253 (Ala. 1988); <u>Waldrup v.</u>
<u>Hartford Life Ins. Co.,</u> 598 F. Supp. 2d 1219, 1226 (N.D. Ala.
2008)("Under [Ala. Code § 6-2-3] the two-year statute of
limitations does not begin to run in a fraud case until 'the
discovery by the aggrieved party of the fact constituting the
fraud."); <u>Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins.</u>
<u>Co.,</u> 792 F.2d 1036, 1043 (11th Cir. 1986) (citing <u>Johnson v.</u>
<u>Shenandoah Life Ins. Co.,</u> 291 Ala. 389, 281 So. 2d 636, 642-43
(Ala. 1973))("the limitations period commences once the fraud is
readily discoverable or the potential plaintiff is on notice
that a fraud may have been perpetrated.")

Defendants argue that the statute of limitations on
Plaintiff's fraud claim should run from May 2014 – the date that
Plaintiff alleges she first used the Relaxer Kit and was injured
as a result. (Doc. 30 at 13). Plaintiff did not file her
complaint until September 2016; thus, under Defendants' theory,
Plaintiff's fraud claim is untimely. However, Plaintiff contends
that she "did not discover, realize, conclude and/or make the
causal connection that her injuries arose from the Relaxer Kit,
its ingredients, defective nature, inadequate warnings and/or
inadequate and confusing Product instructions until
approximately August/September 2016 while reading on the
internet". (Doc. 29 at 31)(Second Amended Complaint ¶ 78).

In general, the question of when a plaintiff discovered or should have discovered the fraud is one for the jury. Cork v. Marriott Intern., Inc., 426 F. Supp. 2d 1234, 1239 (N.D. Ala. Feb. 28, 2006)(citing Ex Parte Alabama Farmers Cooperative, Inc., 911 So. 2d 696, 702 (Ala. 2004); Kelly v. Connecticut Mut. Life Ins. Co., 628 So. 2d 454, 458 (Ala. 1993)(internal quotations and citations omitted)). Though the question may be removed from the purview of the jury and decided as a matter of law where the plaintiff had actual knowledge of facts that would have put a reasonable person on notice of the fraud, see id., that inquiry is not appropriate at the motion to dismiss stage where Plaintiff's factual allegations are taken as true. Accordingly, assuming the truth of Plaintiff's assertions and drawing all reasonable inferences in her favor, the Court determines that Plaintiff has sufficiently alleged that she did not discover Defendants' alleged fraud until August/September 2016, and that Defendants suppressed information or provided misleading information regarding the presence of "lye" and other harmful ingredients in the Relaxer Kit. It thus follows that her fraud claim is timely as her complaint, filed on September 30, 2016, was well within the applicable limitation period.

## ii. Negligence

A tort claim accrues "only when the force wrongfully put in

motion produces injury, the invasion of personal or property rights occurring at that time." Stephens v. Creel, 429 So. 2d 278, 281 (Ala. 1983) (quoting 51 Am. Jur. 2d Limitation of Actions § 135 (1970)). "At the time of the first legal injury, the period of limitations begins to run, whether or not the full amount of damages is apparent." Smith v. Medtronic, Inc., 607 So. 2d 156, 159 (Ala. 1992). As noted *supra*, Plaintiff asserts that she first used the Relaxer Kit and sustained an injury in May 2014; thus, this is the date on which her negligence action accrued.

The relevant statute of limitations for negligence actions can be found in section 6-2-38(l) of the Code of Alabama, which states "[a]ll actions for any injury to the persons or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code. § 6-2-38(l); Utilities Bd. of City of OPP v. Shuler Bros., Inc., 138 So.3d 287, 292-93 (Ala. 2013). Given that Plaintiff's negligence action accrued in May 2014, she had until May 2016 to file her negligence claim against Defendants. Because she did not commence this action until September 30, 2016, she must establish sufficient tolling of the statute of limitations to make up for her nearly four month delay in filing her claim. Plaintiff contends that the statute of limitations was tolled because Defendants fraudulently concealed the risks

associated with the Relaxer Kit.

Alabama Code § 6-2-3 provides the statutory basis for tolling by fraudulent concealment. Alabama Code § 6-2-3 states:

> In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.

Section 6-2-3 is not limited to fraud causes of action, however, and "may be applied to other torts not arising in fraud in appropriate cases, and applies to a fraudulent concealment of the existence of a cause of action." DGB, LLC v. Hinds, 55 So. 3d 218, 224 (Ala. 2010) (internal quotation marks and citation omitted). "A plaintiff using the tolling statute must allege, or on summary judgment establish, prima facie facts which show that the defendant fraudulently prevented discovery of the wrongful act on which the action is based." Sellers v. A.H. Robins Co., Inc., 715 F.2d 1559, 1561 (11th Cir. 1983) (citing Hudson v. Moore, 239 Ala. 130, 194 So. 147(Ala. 1940)). However, § 6-2-3 does not create a "discovery" rule for tolling the statute of limitations, because in the absence of fraudulent concealment, the cause of action begins to run when it accrues, whether or not the party has discovered the tort or injury. Singer Asset Finance Co. v. Connecticut General Life Insurance Co., 975 So.2d

375, 382 (Ala. Civ. App. 2007)(noting that "there is no 'discovery rule' for negligence claims that would toll the running of the statute of limitations from the time the cause of action was discovered by the plaintiff").

If a plaintiff establishes fraudulent concealment tolling, "the limitations period commences once the fraud is readily discoverable or the potential plaintiff is on notice that a fraud may have been perpetrated." Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036, 1043 (11th Cir. 1986) (citing Johnson v. Shenandoah Life Ins. Co., 291 Ala. 389, 281 So. 2d 636, 642-43 (Ala. 1973)). "Facts that would provoke a reasonable person's inquiry and lead to a discovery of the fraud commence the limitations period." Id. (citing Butler v. Guar. Sav. & Loan Ass'n, 251 Ala. 449, 37 So. 2d 638 (Ala. 1948)). In order to establish prima facie facts of fraudulent concealment of the existence of a cause of action, Plaintiff must allege: "(1) that the defendant had a duty to disclose a material fact; (2) that the defendant either failed to disclose or concealed that material fact; (3) that the defendant's failure to disclose or [its] concealment of that material fact induced the plaintiff to act or to refrain from acting; and (4) that the plaintiff suffered damage as a result of [its] action, or inaction, induced by the defendant's failure to disclose or [its] concealment of the material fact." Soniat v. Johnson-Rast &

19

Hays, 626 So. 2d 1256, 1258-59 (Ala. 1993); see also Payton v. Monsanto Co., 801 So. 2d 829, 834 (Ala. 2001).

In her second amended complaint, Plaintiff alleges that Defendants had a duty to warn consumers of any risks or dangers associated with the product, to adequately instruct consumers on the safe and proper use of the product, and to exercise care when designing the product. (Doc. 29 at ¶¶ 44, 53, 68, 170, 171). Additionally, Plaintiff alleges that Defendants concealed material facts from the Plaintiff by marketing the Relaxer Kit as "no lye" and by failing to disclose "the true characteristics of an inherent design and/or manufacturing defects" of the Relaxer Kit"; that defendants made "false deceptive, and misleading statements" about the Relaxer Kit; and concealed what they "knew or should have known about the safety risks resulting from the material defects in design and/or manufacture of the products." (Id. at ¶¶ 13, 65, 67, 69, 75, 77). Plaintiff further states that these misrepresentations by Defendant were meant to "induce the Plaintiff…to purchase the product", and reliance on these misrepresentations "did actually induce the Plaintiff…to purchase the product". (Id. at ¶¶ 154, 157, 158). Plaintiff further alleges she has a high school diploma, and is not an expert in hair products or chemicals, and that she did not discover, realize, conclude and/or make the causal connection that her injuries arose from the Relaxer Kit until

August/September 2016 due to Defendants' misleading representations, inadequate warnings and/or inadequate and confusing instructions. (Doc. 29 at 30-31). Finally, Plaintiff alleges that the actions of the Defendants directly injured the Plaintiff, as use of the product caused "burning, skin irritation, and hair loss" that left her with "scabs, sores, and bald patches". (Id. at ¶¶ 7, 14, 18, 66, 70, 76).

The undersigned finds that at this early stage of the proceedings, where no discovery has been conducted, Plaintiff has asserted factual allegations sufficient to establish fraudulent concealment. In other words, the totality of Plaintiff's assertions can be construed as alleging that Defendants' fraudulent conduct not only induced Plaintiff to purchase the Relaxer Kit, but also induced her to refrain from legal action as she was unable to make the causal connection between her injuries and the Relaxer Kit until August/September 2016. Thus, for purposes of the instant motion, the limitations period on Plaintiff's negligence claim commenced in August/September 2016 once the fraud was readily discoverable or when Plaintiff was on notice that a fraud may have been perpetrated against her. See DGB, LLC, 55 So. 3d at 224-225. Accordingly, Defendants' motion to dismiss Plaintiff's negligence claim is due to be denied.

### iii. ADTPA

As with both the fraud and negligence actions, Defendant alleges that Plaintiff's claim under the ADTPA is time-barred under Code of Alabama § 8-19-14, as the relevant tolling date for this action occurred in May 2014. Doc. 30 at 12; Ala. Code § 8-19-14 ("No action may be brought under the [ADTPA] more than one year after the person bringing the action discovers or reasonably should have discovered the act or practice which is the subject of the action."). Plaintiff counters by citing her claim of fraudulent misrepresentation. (Doc. 33 at 23-24). As the Court has determined that the Plaintiff has plead facts sufficient to support a claim of fraudulent concealment, Defendants' motion to dismiss Plaintiff ADTFA claim is due to be **denied** for the reasons discussed in detail *supra.*

### V. Conclusion

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Motion to Dismiss be **DENIED**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **14**th day of **July, 2017.**

                                   **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**