# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ANGELA CARTER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 16-00508-CG-B |
| | ) |
| L'OREAL USA, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendants L'Oreal USA, Inc. and Soft Sheen-Carson LLC's ("Defendants") Objection to the Magistrate Judge's Report and Recommendation Denying Motion to Dismiss Plaintiff Angela Carter's ("Plaintiff") Second Amended Complaint. (Doc. 59). Based on the following, the Report and Recommendation (Doc. 51) of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED, in part,** as explained herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate adequately laid out the facts of this case in her report, based on Plaintiff's Second Amended Complaint ("the Complaint") (Doc. 29). *See* (Doc. 51, pp. 1–4). Therefore, it is unnecessary to rehash the facts in this Order.

Within the Complaint, Plaintiff asserts seven counts against Defendants: (Count I) Unjust Enrichment; (Count II) Violation of the Magnuson-Moss Warranty Act; (Count III) Breach of Express Warranty; (Count IV) Breach of Implied

Warranty; (Count V) Violation of the Alabama Deceptive Trade Practices Act ("ADTPA"); (Count VI) Fraud; and (Count VII) Negligent Design and Failure to Warn. *Id.* Thereafter, Defendants moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint. (Doc. 30). As grounds, Defendants contend reasonable consumers would not interpret the Relaxer Kit's packaging in the "implausible" manner of Plaintiff. *See* (Doc. 30, pp. 5–12). Defendants also moved for dismissal of Plaintiff's ADTPA, fraud, and negligence claims, arguing that they are barred by the applicable statute of limitations. *Id.* at 12–15. Lastly, Defendants moved for dismissal of Plaintiff's unjust enrichment claim, arguing that it is not cognizable when brought with her breach of express warranty claim. *Id.* at 15–16.

The Magistrate recommended the Motion to Dismiss be denied as to all arguments. *See* (Doc. 51). Now, Defendants object to the Magistrate's report and argue that the Magistrate was wrong as a matter of law regarding the cognizability of the unjust enrichment claim. (Doc. 59, pp. 2–5). Further, Defendants object and argue that the Magistrate should have recommended Plaintiff's ADTPA, fraud, and negligence claims be dismissed as they were brought outside the relevant statute of limitations period.

## II. THE RULE 12(b)(6) STANDARD

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the

appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…. Factual allegations must be enough to raise a right to relief above the speculative level …, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law" will not defeat a Rule 12(b)(6) motion for dismissal. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1036 n.16)). "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 664). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682).

## III. ANALYSIS

### A. Unjust Enrichment and Breach of Warranty Claims

As explained above, Plaintiff alleged a claim of unjust enrichment and a claim of breach of express warranty within the Complaint. In their Motion to Dismiss, Defendants moved for dismissal of Plaintiff's unjust enrichment claim as not cognizable when brought with her breach of express warranty claim. In her Report and Recommendation, the Magistrate recommended Defendants' Motion to Dismiss the unjust enrichment claim be denied. (Doc. 51, p. 14). The Magistrate explained that courts have found an unjust enrichment claim not cognizable when it

accompanies "a classic breach of contract claim involving an express written contract between the parties." (Doc. 51, p. 13). The Magistrate explained that no express written contract or breach of contract claim exist in this case. *Id.* Further, the Magistrate reasoned that it is well-settled law that a plaintiff may plead alternative theories of recovery, to wit: unjust enrichment (a quasi-contract based theory in equity) and breach of contract (a theory based in law), citing *1021018 Alberta Ltd. v. Netpaying, Inc.*, 2011 WL 1103635, at *6 (M.D. Fla. Mar. 24, 2011). *Id.* The Magistrate concluded that Plaintiff's alternative theories of recovery could proceed given the "uncertainty as to the existence of a contract between the parties." *Id.* Therefore, the Magistrate continued, even if the Complaint alleged a breach of contract claim, which the Magistrate found it did not, both the unjust enrichment and beach of warranty claim could proceed at this point.

The Court has reviewed Defendants' objections and caselaw cited on this point and **DECLINES** to adopt the Magistrate's recommendation that Plaintiff's unjust enrichment claim not be dismissed. To begin, in a diversity action, federal courts apply the law of the state in which they sit. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 74–77 (1938). Accordingly, Alabama law governs the cognizability of Plaintiff alleging unjust enrichment when she also alleges breach of an express warranty. Therefore, to the extent the Magistrate's report relies on *1021018 Alberta Ltd. v. Netpaying, Inc.*, 2011 WL 1103635 (M.D. Fla. Mar. 24, 2011), which applies Florida contract and unjust enrichment law, this is in error.

It is well-settled law in Alabama that "where an express contract exists

5

between two parties, the law generally will not recognize an implied contract regarding the same subject matter." *Kennedy v. Polar-BEK & Baker Wildwood Partnership*, 682 So. 2d 443, 447 (Ala. 1996). And although its application typically arises in the context of a "classic breach of contract involving an express written contract between the parties," this principle of law is not cabined to a written contract. To be sure, the *Kennedy* Court analyzed the application of this principle of law based on an express *oral* contract and a claim of unjust enrichment. 682 So. 2d at 447. Thus, to the extent the Report and Recommendation limits this principle to written contracts, it is too restrictive.

Further, the *Kennedy* holding is applicable to more than just the "classic breach of contract" type situation. As this Court has explained, a breach of warranty claim possesses the tenure of a breach of contract claim. *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1133 (S.D. Ala. 2006). When there is no dispute between the parties that an express warranty exists and a plaintiff alleges a breach of the express warranty, that plaintiff cannot also allege an unjust enrichment claim. *Id. But see Kennedy*, 682 So. 2d at 47 (finding no error in submitting both an unjust enrichment claim and breach of an express contract claim to a jury when "the existence of an express contract … was highly disputed and remained a question of fact"); *Galbreath v. Hale Cnty., Comm.*, 2017 WL 3402967, at *10 (S.D. Ala. Aug. 8, 2017) (same). The rationale behind this rule is easy to comprehend:

> If the parties' dealings are covered by an express agreement, then
> there is no need to imply an agreement between them to ward off

> inequitable results. Based on that principle, where a plaintiff has
> brought claims sounding in both express contract and quasi-contract as
> to the same subject matter, Alabama courts have deemed the quasi-
> contract claim not to be cognizable.

*Id.* (citing *Callaway v. E.H. Smith Elec. Contractors, Inc.*, 814 So. 2d 893, 899 (Ala. Civ. App. 2001)).

Defendants do not deny the existence of an express warranty and there is no question Plaintiff maintains its existence because she alleged it in the Complaint.[1] Both claims deal with the same subject matter. Given this, "an express contract (the Warranty) governs the parties' relationship and covers the precise issues as to which [Plaintiff] is asking the Court to imply a contract to prevent" unjust enrichment. *See White*, 454 F. Supp. at 1133. Thus, the Court declines to adopt the Magistrate's recommendation regarding Plaintiff's unjust enrichment claim. Defendants' Motion to Dismiss Count I of the Complaint is **GRANTED**.

**B. Fraud, Negligence, and Alabama Deceptive Trade Practices Act Claims**

In evaluating Counts V (ADTPA claim), VI (fraud claim), and VII (negligent design and failure to warn claim), the Magistrate found, for purposes of deciding Defendants' Rule 12(b)(6) motion, that the Complaint contained sufficient facts to overcome the relevant statutes of limitations. Now, Defendants parry, "In sum, Plaintiff's allegations make facially apparent that [Plaintiff] gained actual or inquiry notice of her claims and the product's alleged dangers with her first alleged injurious use of the Relaxer in May 2014, thereby barring her fraud, negligence, and

---

[1] Because Plaintiff maintains the existence of an express warranty, the Magistrate's conclusion that no express contract exists is incorrect.

7

ADTPA claims in connection with both her Relaxer uses." (Doc. 59, p. 10). Defendants, therefore, ask the undersigned to "(a) establish the limitations defenses" for Plaintiff's Relaxer use in May 2014 and October 2014, "(b) preclude tolling under the discovery rule or a concealment theory, and (c) bar the assertion of a negligence or fraud claim in connection with the October 2014 Relaxer use by defeating the elements of duty to warn or reasonable reliance." *Id.* The Court denies Defendants' requests based on the following:

**1. Fraud Claim (Count VI)**

Under Alabama law, the statute of limitations on a fraud claim is two years. ALA. CODE § 6-2-38(1) (1975). But a fraud claim "must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud." ALA. CODE § 6-2-3 (1975). Alabama's Supreme Court has defined "discovery by the aggrieved party" as the time at which "the aggrieved party discovers or, in the exercise of reasonable care, should have discovered, the facts constituting the fraud." *Wheeler v. George*, 39 So. 3d 1061, 1081 (Ala. 2009) (citing *Ex parte Seabol*, 782 So. 2d 212, 216 (Ala. 2000); *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997)). "Therefore, the limitations period [for a fraud claim] commences when the plaintiff discovers the fraud or when facts are known 'which would put a reasonable mind on notice that facts to support a claim of fraud might be discovered upon inquiry.' " *Id.* (quoting *Auto-Owners Ins. Co. v. Abston*, 822 So. 2d 1187, 1195 (Ala. 2001)).

The Alabama Supreme Court has repeatedly held that " 'the question of when

8

[a] party discovered or should have discovered the fraud is generally one for the jury.'" *Wheeler*, 39 So. 3d at 1082 (quoting *Liberty Nat'l Life Ins. Co. v. Parker*, 703 So. 2d 307, 308 (Ala. 1997)); *see also Seabol*, 782 So. 2d at 216. It has further held that "'[t]he question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff *actually knew* of facts that would have put a reasonable person on notice of fraud.'" *Wheeler*, 39 So. 3d at 1082–83 (emphasis in original (quoting *Kelly v. Conn. Mut. Life Ins. Co.*, 628 So. 2d 454, 458 (Ala. 1993)).

Defendants argue that the Complaint does not "plausibly allege what prevented Plaintiff from discovering the facts surrounding her claims in time to observe the limitations periods." (Doc. 59, p. 7). Defendants maintain that the face of the Complaint makes it clear that Plaintiff knew or reasonably should have known the "pertinent, alleged facts" constituting the fraud claim as of May 2014. *Id.* At least, Defendants continue, Plaintiff's May 2014 Relaxer use provides a basis of knowledge for the October 2014 event, which, therefore, precludes any contention that Plaintiff was deceived into believing the Relaxer would not harm her a second time. Further, Defendants contend there are no facts in the Complaint alleging concealment on their part. *Id.*

Conversely, Plaintiff alleges she "did not discover, realize, conclude and/or make the causal connection that her injuries arose from the Relaxer Kit, its ingredients, defective nature, inadequate warnings and/or inadequate and confusing Product instructions until approximately August/September 2016 while

9

reading on the [I]nternet." (Doc. 29, p. 31) (the Complaint ¶ 78). Plaintiff explains that the delay in the causal connection is due to her only possessing a "high school diploma" and having no expertise in "hair products or the chemicals contained" in the Relaxer. (Doc. 29, p. 31). Simply put, Plaintiff alleges in the Complaint that she did not actually know of the fraud (regarding either the May 2014 or October 2014 event) until September 2016. Further, Plaintiff explains in the Complaint that Defendants market the Relaxer to "African American women as 'easy no-mix,' 'no-lye' relaxer kit" that "protects [the] scalp & skin," while containing a "powerful anti-oxidant rich in vitamins and minerals." *Id.* at 2–3.

While Defendants' arguments are certainly plausible, at this stage of the litigation, the Court is required to accept Plaintiff's contention that she did not learn of the causal connection until August/September 2016 as true. *See Iqbal*, 556 U.S. at 678. As to Defendants' contention that Plaintiff had actual or inquiry notice after the first time she was harmed by the Relaxer Kit and any further reliance was unreasonable, Defendants argument overlooks Alabama law's clear position that the question of when a party should have reasonably discovered fraud is generally one for a jury, and that courts should decide this issue "as a matter of law only in cases where the plaintiff *actually knew* of facts that would have put a reasonable person on notice of fraud." *Wheeler*, 39 So. 3d at 1082–83. Consequently, because at this juncture the Court must "limit its consideration to the pleadings," and because Plaintiff has properly pleaded facts indicating that she did not know of the fraud until August/September 2016 (*i.e.*, within the limitations period), Defendants'

objection to the Magistrate's recommendation is **OVERRULED**.[2]

## 2. Negligence Claim (Count VII)

In Alabama, the statute of limitations for a tort claim is two years. ALA. CODE § 6-2-38(1) (1975). Alabama law provides a statutory basis for tolling a negligence claim based on fraudulent concealment. *DGB, LLC v. Hinds*, 55 So. 3d 218, 224 (Ala. 2010) (citing the tolling statute for a fraud claim, ALA. CODE § 6-2-3 (1975)). "A plaintiff using the tolling statute must allege, or on summary judgment establish, prima facie facts which show that the defendant fraudulently prevented discovery of the wrongful act on which the action is based." *Sellers v. A.H. Robins Co., Inc.*, 715 F.2d 1559, 1561 (11th Cir. 1993) (citing *Hudson v. Moore*, 194 So. 147 (Ala. 1940)). A plaintiff establishes a prima facie case for fraudulent concealment if the following elements are satisfied: "(1) that the defendant had a duty to disclose a material fact; (2) that the defendant either failed to disclose or concealed that material fact; (3) that the defendant's failure to disclose or [its] concealment of that material fact induced the plaintiff to act or to refrain from acting; and (4) that the plaintiff suffered damage as a result of [its] action, or inaction, induced by the defendant's failure to disclose or [its] concealment of the material fact." *Soniat v. Johnson-Rast & Hays*, 626 So. 2d 1256, 1258–59 (Ala. 1993).

---

[2] Defendants also object to the Magistrate's recommendation to the extent the "report inadvertently makes it sound as though the Magistrate adjudicated the merits of the limitations defense in Plaintiff's favor as to Plaintiff's fraud claim." (Doc. 59, p. 11). The undersigned has reviewed the relevant portion of the recommendation and found Defendants' objection without merit. The particular section read in its entire context makes clear that any conclusion the Magistrate made was only in the context of a Rule 12(b)(6) recommendation.

If a plaintiff establishes fraudulent concealment tolling, "the limitations period commences once the fraud is readily discoverable or the potential plaintiff is on notice that fraud may have been perpetrated." *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1043 (11th Cir. 1986) (citing *Johnson v. Shenandoah Life Ins. Co.*, 281 So. 2d 636, 642–43 (Ala. 1973)). "Facts that would provoke a reasonable person's inquiry and lead to a discovery of the fraud commence the limitation period." *Id.* (citing *Butler v. Guar. Sav. & Loan Ass'n*, 37 So. 2d 638 (Ala. 1948)). Thus, much like in Plaintiff's fraud claim, the negligence claim will not be tolled if Plaintiff "*actually knew* of facts that would have put a reasonable person on notice of fraud.' " *See Wheeler*, 39 So. 3d at 1082–83 (emphasis in original) (quoting *Kelly v. Conn. Mut. Life Ins. Co.*, 628 So. 2d 454, 458 (Ala. 1993)).

For the same reasons Plaintiff's 2014 Relaxer Use does not bar her fraud claim, her negligence claim is not barred by the statute of limitations and Defendants objections are without merit. The Complaint alleges Defendants concealed material facts in their marketing of the Relaxer Kit. Further, there are sufficient allegations that Defendants made false and deceptive statements about the Relaxer Kit. This directly disputes Defendants' contention that the Complaint lacks "any well-pleaded" facts establishing this point. And like her claim of fraud, Plaintiff sufficiently pleads that she was unable to establish a causal connection between the Relaxer Kit and the harm she suffered from its use. This, at least at this point in the litigation, establishes what prevented Plaintiff from discovering

the facts establishing her claim within the limitations period. Thus, the Court is unconvinced by Defendants' position that Plaintiff possessed actual or inquiry notice of the causal connection when the Complaint alleges otherwise. What Defendants ask the Court to endeavor is to weigh the credibility of Plaintiff's assertions, which is inappropriate at this juncture.

In like kind, the Court finds unavailing Defendants' objection that the Magistrate should be overruled to the extent she did not dismiss Plaintiff's negligence claim in as much as it relates to the October 2014 Relaxer Use. Defendants explain, "Plaintiff was already fully aware of the safety risks by having experienced exactly the same alleged injuries using the same product only months earlier," citing *Reynolds v. Bridgestone/Firestone, Inc.*, 989 F.2d 465, 471 (11th Cir. 1993). To begin, *Reynolds* lends Defendants no support. In *Reynolds*, the plaintiff in question was an experienced tire changer and "aware of the dangers associated with mounting tires on multi-piece rims." *Reynolds*, 989 F.2d at 471. Given this, there was no dispute that Reynolds possessed an awareness with the dangers present in his situation. Here, the Complaint notates Plaintiff's limited education, the fact that she is not an expert in hair products or chemicals, and her inability to establish the necessary causal connection after the May 2014 incident. As discovery progresses, this may change. But the Court declines to do more than accept this point as true for the purposes of the present motion. Therefore, the undersigned **OVERRULES** Defendants' objections as they relate to Plaintiff's negligence claim.

### 3. Alabama Deceptive Trade Practices Act Claim (Count V)

The ADTPA states, in relevant part:

> No action may be brought under this chapter more than one year after the person bringing the action discovers or reasonably should have discovered the act or practice which is the subject of the action ….

ALA. CODE § 8-19-14 (1975).

The Magistrate recommended in her report that Plaintiff's ADTPA claim was not time-barred for the same reasons Plaintiff's fraud and negligence claims were not time-barred. (Doc. 51, p. 22). Now, Defendants object to this recommendation and explain that Plaintiff's complaint makes it facially apparent that she gained actual or inquiry notice of her ADTPA claim with her use of the Relaxer in May 2014.

Although the parties cite no authority for this principle, it appears from the plain language of the ADTPA that a discovery type rule tolls the one-year ADTPA statute of limitations. Indeed, Plaintiff proposed such a concept in opposing Defendants' Rule 12(b)(6) Motion (Doc. 33, p. 24) and Defendants at least implicitly concede such a concept in their reply thereto (Doc. 34, p. 8). Further, although the undersigned is unable to find Alabama Supreme Court caselaw holding that the Alabama Legislature built a discovery rule into § 8-19-14, it can be gleaned from dicta that § 8-19-14 is understood to be tolled when the discovery rule is satisfied. *See, e.g.*, *Coilplus-Alabama, Inc. v. Vann*, 53 So. 3d 898, 908 (Ala. 2010) (citing, among other statutes, § 8-9-14 and explaining that "[t]he legislature has shown its special capability in that regard by structuring variations of discovery features").

Given that the Alabama Legislature built a discovery type feature into the ADTPA, there is no reason why the Magistrate's recommendation for Plaintiff's ADTPA claim should have been any different from her recommendation for the fraud or negligence claim. Thus, in as much as Defendants object to the Magistrate's report regarding Plaintiff's May 2014 Relaxer use, this objection is **OVERRULED**.

Also, Defendants go a step farther in their objection. Defendants propound that "Plaintiff cannot credibly claim that after two allegedly injurious uses, she remained in the dark about the existence of her ADTPA claim." (Doc. 59, p. 9). Thus, Defendants ask the Court to not adopt the Magistrate's report in as much as it did not dismiss Plaintiff's ADTPA claim connected to her October 2015 Relaxer use.

Yet again, this argument fails to consider the lens under which a motion to dismiss is viewed. In deciding a Rule 12(b)(6) motion, the Court must take Plaintiff's factual allegations as true. *See, e.g. United States v. Pemco Areoplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc). At this stage in the litigation, the issue to be decided by the Court is not whether Plaintiff will ultimately prevail on both her alleged May 2014 and October 2014 use of the Relaxer, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scheuer*, 468 U.S. 183 (1984). Thus, the Court **OVERRULES** Defendants' objections to the Magistrate's report regarding Plaintiff's ADTPA claim in as much as it pertains to Plaintiff's October 2014 Relaxer use.

## IV. CONCLUSION

Based on the foregoing, The Court adopts the Report and Recommendation in all respects save the recommendation on the cognizability of the unjust enrichment claim. The Court **GRANTS**, in part, and **DENIES**, in part Defendants' Motion to Dismiss (Doc. 30) as follows:

1. Plaintiff's Unjust Enrichment Claim (Count I) is **DISMISSED** because it is not cognizable when brought with her Breach of Express Warranty Claim.

2. Defendants' Motion to Dismiss (Doc. 30) is otherwise **DENIED**.

**DONE** and **ORDERED** this 6th day of September, 2017.

/s/ Callie V. S. Granade  
SENIOR UNITED STATES DISTRICT JUDGE