IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

ANGELA CARTER, individually and :
on behalf of all others          :
situated,                        :
                                 :
     Plaintiff,                  :
                                 :
vs.                              : CIVIL ACTION NO. 16-00508-CG-B
                                 :
L'OREAL USA, INC., *et al.*,     :
                                 :
     Defendants.                 :

_____

DORA BLACKMON, individually and :
on behalf of all others         :
similarly situated,             :
                                :
     Plaintiff,                 :
                                :
vs.                             : CIVIL ACTION NO. 16-00508-CG-B
                                :
L'OREAL USA, INC., *et al.*,    :
                                :
     Defendants.                :

_____

ELLA B. VALRIE, individually    :
and on behalf of all others     :
similarly situated,             :
                                :
     Plaintiff,                 :
                                :
vs.                             : CIVIL ACTION NO. 16-00508-CG-B
                                :
L'OREAL USA, INC., *et al.*,    :
                                :
     Defendants.                :

_____

## REPORT AND RECOMMENDATION

     A   scheduling   conference   was   conducted   before   the

undersigned Magistrate Judge on September 18, 2017, with counsel for all parties in attendance.[1]  During the conference, counsel for the parties agreed that Plaintiffs Angela Carter, Dora Blackmon, and Ella Valerie's complaints are near identical, that Defendants L'Oreal USA, Inc., and Soft Sheen-Carson LLC's pending motion (doc. 52) seeking the dismissal of Plaintiffs Blackmon's and Valrie's complaints are near identical to the motion they filed seeking the dismissal of Plaintiff Carter's amended complaint, and that, in light of the Court's ruling on Defendants' motion seeking the dismissal of Plaintiff's Carter's amended complaint (doc. 60), Defendants' instant motion seeking the dismissal of Plaintiffs Blackmon's and Valerie's complaint is due to be **GRANTED** with respect to Plaintiffs' unjust enrichment claim, and is due to be **DENIED** with respect to the remaining claims, except that Defendants' argument that Plaintiffs' class claims are barred under the Alabama Deceptive Trade Practices Act ("ADTPA") has not been addressed on the merits by the Court.  Indeed, in ruling on Defendants' motion seeking the dismissal of Plaintiff Carter's amended complaint, the argument regarding class claims under the ADTPA was not

---

[1] Counsel for Defendants was permitted to participate by telephone because he was ill and unable to travel.

addressed because it was not timely raised.[2]    However, the argument has been properly raised in Defendants' pending motion (doc. 52 at 16), and has been fully briefed by the parties. Thus, it is ripe for resolution.

The essence of Defendants' argument is that the ADTPA expressly prohibits individuals from asserting claims on behalf of a class.    Defendants note that in 2016, the Alabama legislature amended the ADTPA to make clear that the statute's prohibition on class actions is a "substantive matter of state law."  (Doc. 52 at 16).  According to Defendants, the Eleventh Circuit's decision in Lisk v. Lumber One Wood Preserving, LLC, 792 F. 3d 1331 (llth Cir. 2015), which held that Fed.R.Civ. P. 23 allows individual litigants to assert class claims under ADPTA, notwithstanding the prohibition in the statute, is no longer controlling in light of the 2016 amendment.

In Lisk, the Eleventh Circuit addressed the issue of whether Fed. R. Civ. P. 23 applies to a purported class action brought under the ADTPA or is instead displaced by the contrary

_____

[2] Defendants claimed, for the first time in their reply brief, that ADTPA expressly prohibits individuals from bringing class claims.  (Doc. 35 at 10-11).  Because the argument was raised for the first time in Defendants' reply, the Court granted Plaintiff's motion to strike said argument.  See White v. ThyssenKrupp Steel, USA, LLC, 743 F. Supp. 2d 1340, 1357 (S.D. Ala. 2010)("District courts, including this one, ordinarily do not consider arguments raised for the first time on reply.").

language contained in the ADTPA. The ADTPA, which prohibits a variety of deceptive trade practices, creates a private cause of action against a person who violates the statute. Ala. Code § 8-19-10(a). Under the Act, a consumer may bring a private suit and recover the greater of $100 or actual damages or, in the Court's discretion, up to three times actual damages, together with attorneys' fees. Id. The Act further provides that only the Alabama Attorney General or a district attorney may bring a class action. Id. The Act, before the 2016 amendment, read in part, as follows:

> A consumer or other person bringing an action under this chapter may not bring an action on behalf of a class; provided, however that the office of the Attorney General or district attorney shall have the authority to bring action in a representative capacity on behalf of any named person or persons. In any such action brought by the Attorney General or a district attorney the court shall not award minimum damages or treble damages, but recovery shall be limited to actual damages suffered by the person or persons, plus reasonable attorney fees and costs.

§ 8-19-10(f).

Relying on the Supreme Court's decision in Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co., 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010), the Eleventh Circuit, in Lisk, held that a Rule 23 class action was permissible in a lawsuit seeking recovery under the ADTPA, notwithstanding the Act's prohibition on class actions. Shady Grove involved a putative class action in federal court against

an insurance carrier for unpaid statutory interest on late benefit payments under a New York statute. However, another New York statute prohibited class actions to recover the penalties sought by the plaintiffs. The issue before the Supreme Court was whether Rule 23 of the Federal Rules of Civil Procedure or the New York prohibition controlled. Five justices agreed that there was a conflict between Rule 23 and the New York state statute, and further agreed that allowing Rule 23 to control did not violate the Rules Enabling Act, which allows the Supreme Court to adopt rules of practice and procedures that apply not only in cases arising under federal law, but also in cases in which state law supplies the rule of decision as long as the federal rules do not abridge, enlarge, or modify any substantive right. Shady Grove, 559 U.S at 401, 407; 28 U.S.C. § 2072. While the five justices in the majority did not agree on the specific analysis to be employed, all agreed that Rule 23 did nothing to change the substantive right created by the New York statute; thus, Rule 23 controlled. Lisk, 792 F.3d at 1335.

In Lisk, the Eleventh Circuit observed that "[i]f Rule 23 did not abridge, enlarge[,] or modify a substantive right under the New York statute [at issue in Shady Grove], even though the [NY] statute precluded class actions altogether, it is difficult to conclude that Rule 23 abridges, enlarges[,] or modifies a substantive right in Alabama, when all the statute does is

prescribe who can bring a class claim based on the very same substantive conduct." 792 F.3d at 1336. As noted, Defendants contend that the Eleventh Circuit's holding in <u>Lisk</u> is not controlling in this case because the ADTPA has since been amended. The amended statute, which was enacted in 2016, provides in pertinent part as follows:

> (f) A consumer or other person bringing an action under this chapter may not bring an action on behalf of a class. The limitation in this subsection is a substantive limitation and allowing a consumer or other person to bring a class action or other representative action for a violation of this chapter would abridge, enlarge, or modify the substantive rights created by this chapter.

> (g) Notwithstanding the limitation in subsection (f), only the office of the Attorney General or district attorney shall have the right and authority to bring action in a representative capacity on behalf of any named person or persons. In any representative action brought by the office of the Attorney General or a district attorney, the court shall not award minimum damages or treble damages, but recovery shall be limited to actual damages suffered by the person or persons, plus reasonable attorney's fees and costs.

§ 8-19-10(f)(g). The only significant change between the prior statute and the new statute is that Alabama has now labeled the limitation on class actions as a "substantive limitation" and has found that "allowing a consumer or other person to bring a class action or other representative action for a violation of this chapter would abridge, enlarge, or modify the substantive rights created by this chapter." <u>Id</u>.

The parties have not cited any cases addressing whether

this new provision trumps Rule 23, and the Court's research has not revealed any such cases.  However, the question of whether a federal law, in this instance, Rule 23, is allowed in the wake of the amended ADTPA is clearly a determination to be made by the federal courts utilizing the Enabling Act.  Clearly, the fact that Alabama has deemed ADTPA's limitation on class actions a "substantive limitation" does not mean that permitting Rule 23 class actions under ADTPA has affected a substantive right provided by the state.  A federal rule will not transgress the Enabling Act as long as it regulates only the process of enforcing rights and duties under substantive law and does not alter the underlying rights and duties themselves.  See Shady Grove, 559 U.S. at 407.

As determined by the Eleventh Circuit in Lisk, Plaintiffs and other buyers are entitled to seek redress under ADTPA, and permitting Rule 23 class actions "[does] not alter their substantive rights and obligations not a whit; with or without Rule 23, the parties have the same substantive rights and responsibilities."  792 F.3d 1337.  The undersigned finds that the same holds true in the instant case notwithstanding the new language contained in the amended statute.  The bottom line is that, while Rule 23 regulates the process for enforcing the substantive rights created under ADTPA, it does not alter those rights.  Consumers seeking to sue under ADTPA have the same

substantive rights and responsibilities under both the old and new ADTPA statute, and they are not abridged by the assertion of class claims under Rule 23. Accordingly, Defendants' motion seeking to dismiss Plaintiffs' class action claims under ADTPA is due to be **DENIED**.

## Conclusion

For the reasons set forth above, Defendants' motion seeking the dismissal of Plaintiffs Blackmon's and Valrie's complaints are due to be **GRANTED** with respect to their unjust enrichment claim, and **DENIED** in all other respects.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for

objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **21st** day of **September, 2017.**

 **/s/ SONJA F. BIVINS**
 **UNITED STATES MAGISTRATE JUDGE**