IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ANGELA CARTER, ELLA VALRIE, and DORA BLACKMON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> L'ORÉAL USA, INC., and SOFT SHEEN-CARSON, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 2:16-cv-508-TM-B |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT JONATHAN HIBBARD**

COME NOW the Plaintiffs, Angela Carter, Ella Valrie and Dora Blackmon (*collectively* "Plaintiffs") and file this *Request for Judicial Notice in Support of Motion to Exclude the Expert Report and Testimony of Defendants' Expert Jonathan Hibbard* and, in support thereof, would state as follows:

1. FEDERAL RULE OF EVIDENCE 201 authorizes federal courts to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b)[1]. "The court may take judicial notice at any stage of the proceeding." FED.

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known with the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED.R.EVID. 201(b).

R. EVID. 201(d).[2] It is well-settled that a court may take judicial notice of the existence of matters of public record, including proceedings in other courts. See *F.D.I.C. v. north Savannah Properties, LLC*, 686 F.3d 1254, 1257 n.1 (11th Cir. 2012) (citing *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984)); see also *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1041 & n.18 (11th Cir. 2014) (*taking judicial notice of records from DeKalb County's Superior Court Online Judicial System*).[3] District courts have considerable discretion to take judicial notice of public records. See *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204-05 (11th Cir. 2004) (*explaining that a district court "may take judicial notice of appropriate adjudicative facts at any stage in a proceeding" and that it "has wide discretion" to do so*).

2. Defendants cannot reasonably dispute the authenticity of Exhibit "A" attached hereto as it is a matter of public record; specifically:

- *Expert Report of Jonathan D. Hibbard* (Oct. 26, 2017) [DE 165-5] – *In re Amla Litigation*, 1:16-cv-06593 (S.D. N.Y.).

3. Judicial notice of Exhibit "A" is particularly appropriate here because it supports Plaintiff's *Motion to Exclude the Expert Report and Testimony of Defendants' Expert Jonathan Hibbard*, filed contemporaneously herewith, and correspondingly Plaintiffs' *Motion for Class Certification* [DE 148], and *Opposition to Defendants Motion for Summary Judgment* [DE 172].

---

[2] The taking of judicial notice is mandatory when a party (1) requests it and (2) the necessary information is supplied. FED.R.EVID. 201(d).

[3] See also *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006) (*taking judicial notice of documents filed with the U.S. Securities and Exchange Commission*); see also *Cash Inn of Dade, Inc. v. Metropolitan Dade County*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("*A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases.*"); see also *Gamble v. PinnOak Resources, LLC*, 511 F. Supp.2d 1111, 1123 n.5 (N.D. Ala. 2007) ("*the court may take judicial notice of court documents and the position taken by one or more of the Defendants in those documents*").

WHEREFORE, premises considered, Defendants respectfully request this Honorable Court take judicial notice as requested herein.

Respectfully submitted, this the 14th day of February, 2019:

| | |
|---|---|
| /s/ W. Lewis Garrison, Jr. | /s/ Joseph L. Tucker |
| W. Lewis Garrison, Jr. | K. Stephen Jackson |
| wlgarrison@hgdlawfirm.com | steve@jacksonandtucker.com |
| William L. Bross | Joseph L. "Josh" Tucker |
| william@hgdlawfirm.com | josh@jacksonandtucker.com |
| Brandy Lee Robertson | JACKSON & TUCKER, P.C. |
| brandy@hgdlawfirm.com | 2229 First Avenue North |
| Honza J. F. Prchal | Birmingham, AL 35203 |
| honza@hgdlawfirm.com | Telephone: 205.252.3535 |
| HENINGER GARRISON DAVIS, LLC | Facsimile: 205.252.3536 |
| 2224 First Avenue North | |
| Birmingham, AL 35203 | |
| Telephone: 205.326.3336 | |
| Facsimile: 205.380.8072 | |

*Counsel for Plaintiffs and the proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this the 14th day of February, 2019, served a copy of the foregoing upon all parties to this matter by electronically filing the same with the Court's CM/ECF electronic filing system, which will cause a copy to be electronically served on all counsel of record.

A hard copy of the foregoing, with all Exhibits indexed and tabbed, is **not** being mailed to the Court pursuant to the Court's *Scheduling Order* [DE 64, p.6, ¶.9], and CIVIL LOCAL RULE 7(g), as Exhibit "A" attached hereto is identical to Exhibit "C" to *Plaintiffs Motion to Exclude the Report and Testimony of Defendants' Expert Jonathan D. Hibbard*, filed contemporaneously herewith and a copy of which is being mailed to the Court. Plaintiffs respectfully do not wish to deliver unnecessary, duplicative additional paper to the Court.

/s/ Joseph L. Tucker
Joseph L. "Josh" Tucker
josh@jacksonandtucker.com
JACKSON & TUCKER, P.C.
2229 First Avenue North
Birmingham, AL 35203
Telephone: 205.252.3535
Facsimile: 205.252.3536