# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ANGELA CARTER, ELLA VALRIE, and DORA BLACKMON, individually and on behalf of others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>L'OREAL USA, INC., and SOFT SHEEN-CARSON, LLC, )<br><br>Defendants. ) | CIVIL ACT. NO. 2:16-cv-508-TFM-B |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendants' Motion for Summary Judgment (Doc. 154, filed December 7, 2018) and their Amended Motion for Summary Judgment (Doc. 215, filed 9/3/19), which incorporates by reference the initial motion. Accordingly, for purposes of this opinion, the motions will be considered as a single motion. The Court has reviewed all the written pleadings, motions, responses, replies, and all relevant law, and finds the motion is due to be **GRANTED IN PART,** as set out below. The remainder of the motion is due to be **DENIED WITHOUT PREJUDICE** with leave to refile as a single motion, as instructed below.

### I. Parties and Jurisdiction

The plaintiffs—Angela Carter, Ella Valrie, and Dora Blackmon, individually and on behalf of a putative class ("Plaintiffs")—assert claims pursuant to 28 U.S.C. § 1332(d), under which district courts have original jurisdiction over any civil class action where the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and any member of a class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(8) ("This subsection shall apply to any class action before or after the entry of a class certification order by the court with

respect to that action."). The parties do not contest either subject matter or personal jurisdiction and adequate support exists for both.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Angela Carter filed this action on September 30, 2016, on behalf of herself and similarly situated individuals, raising various claims against the defendants, L'Oreal USA, Inc. ("L'Oreal"), and Soft Sheen-Carson, LLC ("Soft Sheen") (collectively, "Defendants"). Doc. 1. Cases brought by other plaintiffs eventually were consolidated with Carter's. Docs. 38, 48, 88. In a second amended complaint, filed on January 9, 2017, Plaintiffs assert various claims against Defendants in relation to the Amla Legend Rejuvenating Ritual Relaxer Kit ("relaxer kit"), a hair-relaxer kit marketed primarily to African American women and sold nationally through various retailers under the Soft Sheen-Carson Optimum Salon Haircare brand. Doc. 29.

The relaxer kit has five (5) components—scalp protector, relaxer base, neutralizing shampoo, conditioner, and oil moisturizer—which consumers are instructed to apply in order in a single session to achieve the desired result. Plaintiffs assert that the product is promoted as an "easy no-mix, no-lye relaxer kit that ensures an easier relaxing process for unified results and superior respect for hair fiber integrity," and the line of Amla Legend products, of which the relaxer kit is a part, and the amla oil for which they are named, are variously promoted as a "secret ritual for hair rejuvenation" with "intense moisture [that] will rejuvenate every strand, leaving you with thicker-looking, healthier hair," and with "unique properties [that] prevent breakage, restore shine, manageability and smoothness." *Id*. at 1-2. Plaintiffs allege that, contrary to those assertions, the relaxer kit causes significant hair loss and skin and scalp irritation, including burns and blistering, due to an inherent design or manufacturing defect.

Plaintiffs aver that, despite the "no-lye" representations on the relaxer-kit packaging, the relaxer kit actually contained sodium hydroxide (or lye) and the instructions for applying the product, and for pre-testing the product on a strand of hair (the "strand test"), are inadequate. Plaintiffs state that the product contains caustic and/or dangerous ingredients that can lead to the injuries stated and is unfit for its intended use. Further, Plaintiffs allege Defendants failed to disclose material information to consumers regarding the dangers of the product and, instead, made material misrepresentations as to the characteristics, ingredients, safety, and value of the product. Finally, Plaintiffs state that they would not have purchased the relaxer kit if Defendants had adequately disclosed the dangers associated with it.

Accordingly, in their operative complaint, Plaintiffs assert six (6) claims against Defendants: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (Count II); (2) breach of express warranty (Count III); (3) breach of implied warranty (Count IV); (4) violation of the Alabama Deceptive Trade Practices Act ("ADTPA"), ALA. CODE §§ 8-19-1 through -15 (Count V); (5) fraud (Count VI); and (6) negligent design and failure to warn (Count VII). Doc. 29.[1] Plaintiffs seek damages and equitable remedies on behalf of themselves and the putative class of consumers who bought the relaxer kit.

Plaintiffs filed a motion for class certification and a motion to appoint class counsel on December 7, 2018. Docs. 148-150. That same day, Defendants filed a motion for summary judgment seeking dismissal or partial dismissal of all the claims asserted by Plaintiffs as well as all claims for injunctive and declaratory relief and punitive damages. Docs. 154-159. Beginning on December 7, 2018, the parties filed a succession of motions seeking to exclude expert witnesses

---

[1] Count I, for unjust enrichment, was dismissed by the Court on September 6, 2017. *See* Docs. 51, 60.

from offering reports or testimony, and other motions related to expert witnesses.  *See* Docs. 151, 164, 166, 168, 171, 181, 183, 187, 194, 195, 197, 201, 207.  The parties had the opportunity for responses and replies, a hearing was held, and the Court ruled.  Docs. 205, 211.  Following the Court's omnibus order excluding portions of expert reports and testimony, the parties were instructed to file amended motions for class certification, appointment of class counsel, and summary judgment, making any necessary changes in light of the Court's Order.  Doc. 211.

Accordingly, Plaintiffs filed their amended motion for class certification and amended motion to appoint class counsel, which superseded the prior motions and remain pending on the docket.  Docs. 212-214.  Defendants responded to the class certification motion on September 20, 2019, and Plaintiffs replied September 27, 2019.  Docs. 220, 221.  On September 3, 2019, Defendants filed an amended motion for summary judgment that incorporates by reference the prior motion.  Doc. 215.  Thus, instead of a stand-alone motion, both the original and amended motions remain pending on the docket.  Plaintiffs filed a response to the amended motion for summary judgment, and Defendants replied.  Docs. 216, 217.  The Court carefully reviewed the pleadings, motions, responses, and replies on the matter.  After such review, the Court proceeds with the summary judgment request in part, as discussed below.

### III.  MOTIONS FOR SUMMARY JUDGMENT

In their initial motion for summary judgment Defendants argue, first, that Plaintiffs' product liability claims, which are governed by the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD"), fail because, *inter alia*, Plaintiffs cannot prove the relaxer is defective or unreasonably dangerous.  Doc. 156 at 20.  Specifically, Defendants argue that Plaintiffs fail to demonstrate any alleged defect, and they cannot establish that the product is unreasonably dangerous for its intended purpose.  *Id*. at 20-25.

Defendants also argue that Plaintiffs' claim of a design defect fails because Plaintiffs cannot prove the availability of a safer, practical alternative formulation that would have eliminated or reduced the alleged injuries while preserving the product's utility. *Id*. at 25. Defendants argue, as to the failure-to-warn claim, Plaintiffs must, but cannot, prove that Defendants' warnings were inadequate and the alleged inadequacy caused Plaintiffs' injuries. *Id*. at 26. To show causation, Plaintiffs must demonstrate that they would have read and heeded different or additional warnings and instructions, but the evidence shows that Plaintiffs disregarded warnings and instructions in various ways. *Id*. at 27. Moreover, Defendants aver that Plaintiffs' disregard amounts to contributory negligence and misuse, both affirmative defenses to Alabama product liability claims. *Id*. at 27-28.

Defendants argue that, contrary to Plaintiffs' assertion, the evidence in the record demonstrates that their product is a "no-lye" relaxer and none of the relaxer kits at issue contained lye, even in tiny amounts. *Id*. at 28. Defendants also assert that the relaxer itself does not use lye, and it is only listed as an ingredient on the label because small additions of lye are sometimes used to adjust pH levels in batches of shampoo. Defendants argue that they never represented to consumers that their relaxer is risk-free, or that it is safer, less harsh or caustic, healthier, or gentler than other chemical hair relaxers, which is required for Plaintiffs' "consumer deception theory" of their "statutory, warranty, and fraud claims." *Id*. at 29. For example, the packaging conveys multiple frank safety warnings, including that the product could cause "serious injury to eyes or skin," "blindness," "damage[d] hair," and "permanent hair loss." *Id*. Defendants assert that the evidence demonstrates that reasonable consumers would not interpret the relaxer carton in the manner Plaintiffs urge. *Id*.

Defendants also argue Plaintiffs were required to allow them an opportunity to cure any

alleged breach of the Magnuson-Moss Warranty Act prior to bringing suit, which Plaintiffs failed to do. *Id*. at 30. Further, Plaintiffs' Alabama warranty claims fail for the same reason: Alabama warranty law expressly provides that a buyer notify a seller of any breach or be barred from remedy. *Id*. at 31. Defendants assert Plaintiffs' Magnuson-Moss claim also fails on the basis that it is derivative of their Alabama warranty claims. *Id*.

Defendant next argue Plaintiffs' implied warranty claim is subsumed by the state's AEMLD because Alabama law does not recognize a breach of the implied warranty of merchantability where the product achieves its function, regardless of other physical harm allegedly caused by the product. *Id*. Defendants aver that Plaintiffs' fraud claim fails because Plaintiffs cannot establish reasonable reliance on their interpretations of the marketing statements they challenge. *Id*. at 32. Defendants assert that Plaintiffs' claim under the ADTPA is impermissibly cumulative of their fraud claim because the civil remedies available from the statute are mutually exclusive of the remedies available at common law for fraud, misrepresentation, deceit, suppression of material facts, or fraudulent concealment. *Id*. Thus, electing to pursue common law remedies surrenders any rights or remedies under the ADTPA. *Id*.

Defendants also argue that Plaintiffs' ADTPA claims are in any case barred by the statute's one-year statute of limitations. *Id*. at 33. Defendants aver, too, that Plaintiff Carter's fraud and negligence claims are barred by the two-year statute of limitations applicable to those claims. *Id*. at 33-34. Defendants also argue that Plaintiffs lack standing to pursue injunctive and declaratory relief and, in any case, Plaintiffs cannot show irreparable injury that is redressable by those remedies. *Id*. at 34-36. Moreover, Defendants assert, Plaintiffs cannot show that they lack adequate remedies, as required for injunctive relief. *Id*. at 36. Finally, Plaintiffs assert that Defendants are not entitled to punitive damages because they cannot show by clear and convincing

evidence that Defendants "consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to" Plaintiffs. *Id*.

In their response to the initial summary judgment motion, Plaintiffs concede that "certain of their individual claims are not appropriate for class consideration," but state that the Court should certify their "negligence claims that Defendants breached their legal duties by misbranding" the relaxer kit in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), Federal Fair Packaging and Labeling Act ("FPLA"), and U.S. Food and Drug Administration ("FDA") regulations. Doc. 172 at 2. Plaintiffs argue that Defendants have misbranded their product in violation of the FDCA, FPLA, and FDA regulations and that, at a minimum, they did so negligently. *Id*. at 17-21.

Plaintiffs also argue that their fraud claims are sustainable, asserting that, contrary to Defendants' assertion, each plaintiff relied on the representations made by the relaxer kit when they purchased it. *Id*. at 21-22. Plaintiffs assert that there are genuine issues of material fact that preclude summary judgment as to their fraud claims. *Id*. at 22. Additionally, Plaintiffs argue that Carter's fraud and negligence claims are not time-barred. *Id*. at 22-23. Plaintiffs also contest Defendants' assertion that Plaintiffs lack standing to seek injunctive relief, and that Plaintiffs are not entitled to punitive damages. *Id*. at 24-30.

In reply, Defendants argue that Plaintiffs failed to challenge any of Defendants' asserted facts, instead asserting their own set of "undisputed facts," and thus, the Court should consider Defendants' version of facts undisputed for purposes of summary judgment. Doc. 185 at 5. Defendants assert that this alone warrants a grant of summary judgment in its favor. *Id*. at 6. Defendants next assert that Plaintiffs abandoned the primary theories of liability outlined in their complaint. *Id*. at 6-7. Specifically, Defendants aver that Plaintiffs failed to oppose: (1)

Defendants' argument that Plaintiffs cannot prove the relaxer product to be defective or unreasonably dangerous, or offer any argument regarding a practical or safer alternative design; (2) Defendants' argument that Plaintiffs failed to establish a theory of liability, either in product liability or consumer fraud, based on the safety of the relaxer kit in relation to other hair relaxers; and (3) Defendants' assertion that Plaintiffs failed to establish a theory of consumer fraud based on alleged representations that the relaxer kit is risk-free or in some way safer or less caustic than other relaxers. *Id*. Defendants aver that Plaintiffs' response sets forth new theories of liability based on violations of the FDCA and FPLA, which are not alleged in the complaint. *Id*. at 7.

Defendants assert that Plaintiffs raise no genuine dispute that labeling the product a "no-lye" relaxer kit is correct. *Id*. at 7-10. Defendants further assert that, in addition to abandoning theories that the relaxer kit is defective, unreasonably dangerous, or poses greater risk than other hair relaxers, Plaintiffs fail to contest: (1) Defendants' assertion that they never represented the product to be free of danger or risk, or safer, healthier, less harsh or caustic, or gentler than other chemical hair relaxers; (2) Defendants' assertion that the relaxer kit is milder and less caustic than relaxers using sodium hydroxide; or (3) Defendants' assertion that the relaxer kit confers cosmetic benefits. *Id*. at 10-13.

Defendants assert that Plaintiffs fail to contest the following arguments: (1) Plaintiffs' Magnuson-Moss and Alabama warranty claims fail because Plaintiffs failed to give notice and an opportunity to cure; (2) Plaintiffs' implied-warranty claim is subsumed by their theory of a safety defect; and (3) Plaintiffs' ADTPA claim is barred by either Plaintiffs' pursuit of common-law remedies or the statute of limitation. *Id*. at 13. Defendants also argue that Plaintiffs fail to properly counter Defendants' argument that Plaintiffs cannot show reasonable reliance on any alleged deception by Defendants, an essential element for fraud. *Id*. at 13-14. Defendants assert that

Plaintiffs failed to counter Defendants' argument that Plaintiffs could not establish negligence because: (1) they failed to demonstrate a duty to consumers because the dangers of the product were known; (2) Plaintiffs cannot establish breach because they cannot show, *inter alia*, that the product is defective or unreasonably dangerous, or that there is a defect in the warnings or instructions; and (3) Plaintiffs failed to dispute that individual plaintiffs neglected the product's safety instructions in various ways, resulting in misuse. *Id*. at 14.

In their amended motion for summary judgment, Defendants reassert by reference all of their previous grounds and simply note various amendments in light of this Court's rulings on the motions to exclude. Doc. 215. However, Defendants also note that Plaintiffs already had expressly conceded four (4) of their six (6) remaining causes of action: specifically, their claim under Magnuson-Moss (Count II); their express and implied warranty claims (Counts III and IV); and their statutory consumer deception claims (Count V). *Id*. at 55. Thus, the only remaining claims are fraud and negligence. *Id*.

Defendants contend that Plaintiffs abandoned their negligence theory, too, because they failed to address the negligence theory advanced in their complaint, which was based on product liability, and instead have pursued a new negligence theory—that the relaxer kit was mislabeled, in violation of the FDCA and FPLA, causing purely economic injury—not advanced in the complaint either as a cause of action or the basis of one. *Id*. Defendants argue that, similarly, the fraud claim set out in the operative complaint alleges that Defendants defrauded consumers by making statements regarding a "no-lye relaxer" and the efficacy of "Amla oil" in the product and causing them to believe the product is risk-free and safer than other hair relaxers. *Id*. at 5. Defendants assert that Plaintiffs then abandoned that theory in their subsequent response in favor of a "new, singular focus on the unpled FDCA and FPLA allegations." *Id*. at 5-6.

Defendants go on to argue that the Court's exclusion of some expert opinions by Plaintiffs' expert Randall Tackett serve to amplify Defendants' substantive grounds for summary judgment, while minor exclusions of opinions proffered by Defendants' experts have no effect on the summary judgment motion. *Id*. at 6-14. Defendants also assert that, in addition to abandoning the claims in its complaint, Plaintiffs failed to address Defendants' schedule of undisputed facts, thereby rendering those facts uncontroverted for summary judgment purposes. *Id*. at 6.

In their response to Defendants' amended motion, Plaintiffs concede that their individual fraud claims are not appropriate for class consideration, but assert that their negligence and/or wantonness claims should be certified. Doc. 216 at 1-2. Plaintiffs assert that Defendants' motion for summary judgment, as amended, fails to establish there are no undisputed issues of material fact that entitle Defendants to judgment as a matter of law on Plaintiffs' fraud and negligence claims. *Id*. at 2. Plaintiffs argue that the Court's exclusion of some opinions proffered by Plaintiffs' expert Randall Tackett is not dispositive, and that expert testimony is not required to demonstrate that the relaxer kit's packaging is misbranded, false, and misleading to a lay observer. *Id*. at 2-4. Similarly, Plaintiffs argue that a jury may use common sense to determine whether Defendants breached their duties under the FDCA and FPLA and whether Defendants' alleged wrongful conduct constitutes negligence and/or wantonness. *Id*. at 4-5.

Similarly, Plaintiffs argue that their fraud claims are sustainable because, *inter alia*, they clearly relied on Defendants' product representations in making a decision to purchase the relaxer kit and a lay jury can determine whether Defendants' wrongful conduct constitutes fraud without expert testimony. *Id*. at 5-6. Plaintiffs also move the Court to either strike from the record or disregard the November 29, 2018, Declaration of Barbara Mitchell and the French-language documents she references in her declaration (Docs. 157-20 and 157-22). *Id*. at 6-8.

In their reply, Defendants reassert their arguments regarding Plaintiffs' alleged abandonment of claims and failure to respond to Defendants' schedule of undisputed facts. Doc. 217 at 2. Defendants aver that Plaintiffs failed to address Defendants' contributory negligence defense, the prohibition of their negligence theory under the economic loss rule, or Plaintiffs' inability to show reliance. *Id*. Defendants assert that Plaintiffs invoke a "wantonness" claim that was never pled in the complaint, and object to Plaintiffs' request to strike the testimony of Barbara Mitchell and Defendants' manufacturing records as untimely and waived. *Id*. at 2-5.

### IV. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "[T]he substantive law will identify which facts are material." *Id*. at 248, 106 S. Ct. at 2510. At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id*. at 249, 106 S. Ct. at 2511. An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993)).

The party asking for summary judgment bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d

265 (1986)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted) (citing *Celotex*, 477 U.S. at 324). The court must view facts and draw all reasonable inference in favor of the nonmoving party. *Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011) (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing

the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990).

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order."

## V. DISCUSSION AND ANALYSIS

As an initial matter, Defendants' amended motion for summary judgment incorporates by reference Defendants' prior motion for summary judgment. Accordingly, they will be considered together and referenced as a single motion for purposes of *this* Order. Under the Local Rules, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." S.D. Ala. CivLR 15(a). Although the local rule speaks specifically to pleadings, the Court has applied the rule more broadly to include substantive motions where, as here, it would serve the purposes of clarity and judicial efficiency. In light of the Court's prior Order to file an amended motion for summary judgment, and in the interest of clarity and judicial efficiency, the Court shall, except to the extent set out below, deny these motions for summary judgment without prejudice, with leave to refile as a single, comprehensive document.[2]

---

[2] It is incumbent on the parties to make clear how the application of the *Daubert* rulings affects their motions. Plaintiffs filed a stand-alone motion, but Defendants failed to do so. It is not for

First, however, the Court shall address the issue of abandonment raised by Defendants in their reply to Plaintiffs' response to the initial summary judgment motion, and again in their amended summary judgment motion—specifically, their assertion that Plaintiffs have abandoned four (4) of their six (6) remaining causes of action: (1) violation of the Magnuson-Moss Warranty Act (Count II); (2) breach of express warranty (Count III); (3) breach of implied warranty (Count IV); and (4) violation of the Alabama Deceptive Trade Practices Act (Count V). Each cause of action will be addressed in turn.

**A.      Violation of the Magnuson-Moss Warranty Act (Count II)**

In their motion, Defendants assert that Plaintiffs' claims under Magnuson-Moss fail because Plaintiffs do not allege that they provided Defendants a reasonable opportunity to cure any alleged warranty breaches prior to bringing suit. Magnuson-Moss provides that no action may be brought "for failure to comply with any obligation under any written or implied warranty or service contract . . . unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply." 25 U.S.C. § 2310(e).

In the case of a class action, notice must be provided by the named members of the class. *Id.*; *see also Burns v. Winnebago Indus., Inc.*, Civ. Act. No. 8:11-CV-354-T-24-TBM, 2012 WL 171088, at *4, 2012 U.S. Dist. LEXIS 6472, at *13 (M.D. Fla. Jan. 20, 2012) ("[T]he MMWA provides that no action may be brought under 15 U.S.C. § 2310(d) for failure to comply with any obligation under any written warranty "unless the person obligated under the warranty . . . is afforded a reasonable opportunity to cure such failure to comply.").

---

the Court to cull through their motion for clarity in application—that falls to the movant, in this case Defendants.

It is undisputed that Plaintiffs never directly notified Defendants of the defects prior to filing this suit, and as such, they did not afford Defendants a reasonable opportunity to repair the defects. *See Lewis v. Mercedes-Benz USA, LLC*, Civ. Act. No. 1:03-CV-4000-JOF, 2004 WL 3756384, at *2-3, 2004 U.S. Dist. LEXIS 29484, at *7 (N.D. Ga. Sept. 13, 2004) (citations omitted) ("Under the Magnuson-Moss Warranty Act, however, a litigant must show that prior to filing suit he provided the defendant with an opportunity to cure the alleged defect and that the defendant nevertheless refused to cure the defect."); *Forest River, Inc. v. Posten*, 847 So. 2d 957, 962 (Ala. Civ. App. 2002) ("Thus, the clear language of the Magnuson-Moss Act allows recovery of an attorney fee by a consumer who prevails in a breach-of-warranty action against a seller under state law, provided the seller is given an opportunity to cure.").

In the operative complaint, Plaintiffs allege that Defendants "knew or were placed on reasonable notice of the defects in the Product and their breach of the warranty but have failed to cure the defects for the Plaintiff and putative Class Members despite having several years to do so." Doc. 29 ¶ 113. Although Plaintiffs allege that Defendants "knew or were placed on notice" of the alleged defect in the relaxer kit, this assertion merely imputes to Defendants a general knowledge of the defect from some indirect source. Plaintiffs do not allege that they, specifically and directly, gave such notice, as required.

As Defendants note, Plaintiffs raise no objection to or argument against Defendants' assertion, either in their response to the original motion for summary judgment or in their response to Defendants' amended summary judgment motion, nor do they point to any record evidence to dispute it. As such, the claim has been abandoned. *See Case v. Eslinger,* 555 F.3d 1317, 1329 (11th Cir. 2009) ("When a party moves for final, not partial, summary judgment, we have stated that 'it [becomes] incumbent upon the [nonmovant] to respond by, at the very least, raising in their

opposition papers any and all arguments or defenses they felt precluded judgment in [the moving party's] favor.'") (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1264 (11th Cir. 2001); *Mosley v. Ala. Unified Judicial Sys., Admin. Office of the Courts*, 562 F. App'x 862, 864-65 (11th Cir. 2014) (stating that a "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that demonstrate an absence of a genuine issue of material fact," but once the movant does so, the "burden shift[s] to the non-moving party to demonstrate there is indeed a material issue of fact that precludes summary judgment."). Accordingly, summary judgment is due to be granted as to Count II.

B. **Violation of express and implied warranties (Counts III-IV)**

As with the Magnuson-Moss claim, Defendants assert that they are entitled to summary judgment on Plaintiffs' claims that they violated express and implied warranties because Plaintiffs did not provide notice of the alleged violation. Under Alabama law, a buyer "must within a reasonable time after [she] discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." ALA. CODE § 7-2-607(3)(a); *see also Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1474 (11th Cir. 1986) ("The Alabama courts have held that notice of breach is a condition precedent to bringing a breach of warranty action . . . which must be affirmatively pleaded in the complaint."); *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1284 (M.D. Ala. 2001) ("[T]his court concludes that the mere filing of a lawsuit in this case did not constitute notice of breach under Alabama law.").

Here again, Plaintiffs do not assert that they provided notice prior to bringing suit, nor do Plaintiffs raise any argument to counter Defendants assertions or point to any evidence in the record creating a factual dispute. Additionally, Plaintiffs meet the definition of "buyer" under the

statute, as they allege in the complaint that "Plaintiff [Carter] and the putative Class Members purchased the Product either directly from the Defendants or through authorized retailers such as Amazon, Wal-Mart, Walgreens, and/or beauty supply and cosmetics stores, among others." Doc. 29 ¶ 121. *See Hart*, 787 F.2d at 1474 (citation omitted) ("'Buyer' is defined as 'a person who buys or contracts to buy goods.'"). Plaintiffs also aver that "Plaintiff purchased the Product from softsheen-carson.com in or around May 2014." *Id*. ¶ 71.

Plaintiffs allege in the complaint that Defendants were "further provided reasonable notice of the aforementioned Product defects and their breach of the above-described warranties via direct communications and complaints from consumers who reported Injuries sustained as a result of using the Product as directed by Defendants" and "Defendants were provided further notice of the Product defects and the breach of warranties via the hundreds of consumer complaints, including complaints from putative Class Members, posted on various websites, including, but not limited to, Amazon.com." *Id*. ¶ 127. However, Plaintiffs allege only that Defendants *had* notice of the alleged breach, not that they directly *provided* notice in compliance with the statute prior to bringing suit.

Moreover, Plaintiffs raise no argument against Defendants' assertions in their responses to the motion for summary judgment or the amended motion for summary judgment, nor do Plaintiffs identify any record evidence to refute them. Accordingly, the claims have been abandoned and summary judgment is due to be granted as to Counts III and IV.

## C.  Violation of the ADTPA (Count V)

Defendants argue that Plaintiffs claims under the ADTPA are cumulative of their fraud claims and must therefore be dismissed. Under the ADTPA's savings clause, the "civil remedies provided herein and the civil remedies available at common law, by statute or otherwise, for fraud,

misrepresentation, deceit, suppression of material facts or fraudulent concealment are mutually exclusive." ALA. CODE § 8-19-15. The statute goes on to state that an "election to pursue the civil remedies prescribed [under the ADTPA] shall exclude and be a surrender of all other rights and remedies available at common law, by statute or otherwise, for fraud, misrepresentation, deceit, suppression of material facts or fraudulent concealment." *Id*. "Although the ADTPA does 'not displace remedies for fraud, misrepresentation, deceit, or suppression that are available under the common law, statute, or otherwise . . . the remedies under the [ADTPA] and those otherwise available are **mutually exclusive**.'" *Holmes v. Behr Process Corp.*, Civ. Act. No. 2:15-CV-0454-WMA, 2015 WL 7252662, at *2-3, 2015 U.S. Dist. LEXIS 155042, at *6-7 (N.D. Ala. Nov. 17, 2015) (emphasis in original) (citing *Ford Motor Co. v. Sperau*, 708 So. 2d 111, 122 (Ala. 1997)).

"While certainly under the federal rules, [Fed. R. Civ. P.] 8(d), a party may plead alternative or inconsistent claims, the plain text of the ADTPA specifically and unambiguously makes, as an essential element of the claim, the statutory remedy exclusive of other remedies available under Alabama law." *Id*. (citations omitted); *see also List v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1335 (11th Cir. 2015) (quoting *Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)) ("[W]hile federal procedural rules displace conflicting state provisions, federal procedure does not 'abridge, enlarge or modify any substantive right.'").

Here, Plaintiffs again raise no argument in their responses to the summary judgment motions in defense of their ADTPA claim. Moreover, permitting Plaintiffs to plead ADTPA in addition to their fraud claim would run contrary to the plain language of the statute and enlarge a substantive right that is limited by state law. Accordingly, summary judgment is due to be granted as to Count V.[3]

---

[3] In light of these dispositive findings, the Court need not address Defendants' additional

## VI. CONCLUSION

Based on the foregoing, the Defendants' motions for summary judgment (Docs. 154, 215) are **GRANTED IN PART** and **DENIED IN PART**. The motions are **GRANTED** as to Count II, Violation of the Magnuson-Moss Warranty Act; Count III, breach of express warranty; Count IV, breach of implied warranty; and Count V, violation of the Alabama Deceptive Trade Practices Act. Otherwise, the motions are **DENIED WITHOUT PREJUDICE**, with leave to refile the remaining arguments as a single, consolidated motion in accordance with the Court's prior ruling on the *Daubert* motions as well as S.D. Ala. CivLR 15(a). The motion shall be due on or before **Monday, October 21, 2019.**

**DONE and ORDERED** this 30th day of September 2019.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

arguments for dismissal of these four claims. However, the Court notes that Plaintiffs appear to concede those arguments as well.